**146**

**Mamadou Sarafou DIALLO, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–0533–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Theodore Vialet, New York, NY, for petitioner.

Peter D. Keisler, Asst. Atty. General; Michael P. Lindemann, Asst. Director; Paul F. Stone, Trial Atty., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, and Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Mamadou Sarafou Diallo, a native and citizen of Guinea, seeks review of a January 17, 2007 order of the Board of Immigration Appeals ("BIA") affirming the June 8, 2005 decision of Immigration Judge ("IJ") Noel Ferris, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Sarafou Diallo*, No. A96 241 649 (B.I.A. Jan. 17, 2007), *aff'g* No. A96 241 649 (Immig. Ct. N.Y. City June 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

### A. Motion to Dismiss

■ As an initial matter, the government has filed a motion to dismiss Diallo's petition for review. In its motion, the government argues that Diallo has waived any challenge to the IJ's adverse credibility determination by failing to raise any such challenge in his brief to this Court. We note, however, that Diallo's brief specifically challenges the IJ's findings that he submitted a fraudulent vaccination card and that there were discrepancies in the record. Indeed, he asserts that these findings should not have undermined his credibility as they did not go to the heart of his claims and argues that he offered sufficient explanations for the discrepancies in the record.

■ The government also contends that Diallo's petition for review should be dismissed because he failed to exhaust his challenge to the IJ's frivolous finding before the BIA. However, although the BIA concluded that Diallo had "not meaningfully challenge[d] the Immigration Judge's actual findings and analysis underlying her ruling that he filed a frivolous application for asylum," Diallo's notice of appeal to the BIA specifically challenged the IJ's frivolous finding by arguing that his submission of a fraudulent document should have been excused as the document was created to aid his escape from persecution. Therefore, Diallo's identical argument before this Court was raised to the BIA and was therefore exhausted. *Cf. Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (recognizing that a petitioner must exhaust all claims by raising the issue to the BIA or "identify[ing], even by implication, any error in the IJ's ruling on [a] claim").

As Diallo did not waive his challenge of the agency's adverse credibility determina-

tion before this Court, and as he did not fail to exhaust his challenge of the IJ's frivolous finding, the government's motion to dismiss is without merit and will be denied.

## B. Petition for Review

When, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

■ Here, we find that substantial evidence supports the agency's adverse credibility determination. In the asylum context, an asylum applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007); *see also Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 157–58 (2d Cir.2006) (concluding that the submission of a fraudulent document in support of an asylum application alone may constitute substantial evidence to support an adverse credibility finding). There are, however, limitations to the *"maxim falsus in uno, falsus in omnibus* (false in one thing, false in everything) . . . ." *Siewe,* 480 F.3d at 170 (internal quotation marks omitted). For example, a finding that an applicant submitted false evidence should not necessarily negatively impact the credibility of the applicant's additional testimony or evidence where the false documents were created for the purpose of escaping persecution. *Id.* at 170–71.

Here, the IJ, relied in part on a report from the Forensic Document Laboratory of the U.S. Department of Homeland Security that provided that the summons Diallo submitted did not conform to genuine Guinean summons contained in the office's reference materials and further found that the dates in the summons had been altered. Aside from his attorney's comments that he did not understand the "significance of the alterations," Diallo offered no explanation for the alterations. Moreover, before this Court, Diallo acknowledges the agency's reliance on his submission of the fraudulent summons, but makes no specific challenge to that finding. Accordingly, we deem any such challenge waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

As to Diallo's submission of a fraudulent vaccination card, Diallo admitted on cross-examination that the document was false. Although Diallo alleged that he had procured the document because it was necessary to leave Guinea and enter the United States, the IJ reasonably discredited this explanation because the vaccination card was in Diallo's name and he claimed to have left Guinea under another name. Accordingly, the IJ informed Diallo of her conclusion that he submitted the vaccination card to the Immigration Court in order to mislead the Court as to the dates he was in Guinea. Diallo offered no response.

Although false documents created to escape persecution may warrant limiting the *falsus in uno, falsus in omnibus* maxim, *see Siewe,* 480 F.3d at 170, this is not such a case because, as the IJ reasonably found,

a vaccination card issued in Diallo's name would not have assisted his escape as he used another person's identity to flee that country. Moreover, the IJ's reliance on this finding was reasonable where Diallo failed to explain why he submitted the admittedly fraudulent vaccination card as authentic when it was no longer necessary to avoid persecution. *Cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127, 132–33 (2d Cir. 2006) (holding that the IJ erred in discrediting the applicant's testimony on the basis of having obtained a false male sterilization certificate in order to escape persecution where the applicant did not submit the false document into the record before the Immigration Court). Accordingly, as the IJ reasonably found that Diallo submitted fraudulent documents, for which he failed to offer any compelling explanation, the IJ's adverse credibility determination was supported by substantial evidence.[2] *See Borovikova,* 435 F.3d at 157–58.

■ As the IJ's adverse credibility determination was supported by substantial evidence, her denial of Diallo's asylum and withholding of removal claims was proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Moreover, because Diallo has not raised any challenge as to the denial of his CAT claim before this Court, and because addressing any such argument does not appear to be necessary to avoid manifest injustice, his CAT claim is deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). In any event, the IJ's adverse credibility determination undermines Diallo's CAT claim where he did not offer any factual basis to show a likelihood of torture apart from those facts supporting his asylum claim. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

■ Finally, we find that the IJ reasonably found that Diallo knowingly filed a frivolous application. An asylum application is considered frivolous "if any of its material elements is deliberately fabricated. Such finding shall only be made if the [IJ or BIA] is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20. The BIA has set forth four procedural safeguards that an IJ must follow in rendering frivolousness findings:

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*Biao Yang v. Gonzales,* 496 F.3d 268, 275 (2d Cir.2007) (quoting *In re Y–L–,* 24 I. & N. Dec. 151, 155 (BIA 2007)).

Here, the IJ provided Diallo all of the procedural safeguards necessary for making a frivolous finding. First, on two occasions, the IJ warned Diallo of the consequences of filing a frivolous application, including "the filing of any false documents or any altered documents." Second, the IJ made specific findings, at both the hear-

---

**2.** As we find that the fraudulent documents in the record constitute substantial evidence to support the IJ's adverse credibility determination, we need not explicitly consider each of Diallo's challenges to the IJ's discrepancy findings.

ing and in her decision, that Diallo knowingly filed a frivolous application. Specifically, the IJ found that Diallo tendered a document, which he knew was fraudulent, in order to prove that he had filed his asylum application within one year. The IJ further concluded that Diallo did not create the admittedly fraudulent vaccination card to aid his escape from persecution because the fraudulent document was in his name and he had left Guinea and entered the United States under another name. Third, Diallo's admission that the vaccination card was fraudulent, and his testimony that he had traveled from Guinea to the United States on another person's passport indicate that sufficient evidence supported the IJ's finding that the vaccination card was created and submitted to the Court for fraudulent purposes. Finally, the hearing transcripts reveal that Diallo was provided ample opportunity to explain his submission of the false vaccination card; however, he simply offered an explanation that conflicted with his prior testimony. Accordingly, the IJ satisfied the required procedural safeguards in making her frivolous finding and we will not disturb that finding.[3] *See Biao Yang,* 496 F.3d at 275–76.

For the foregoing reasons, the motion to dismiss is DENIED and the petition for review is DENIED. As we have completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**3.** We note that the BIA appears to have treated any challenge to the IJ's frivolous finding as waived by Diallo on appeal. This was error because, as stated above, Diallo challenged the IJ's frivolous finding before the BIA, arguing that the IJ erred in relying on his submission of a fraudulent vaccination card where that card was created to aid his escape from persecution. Furthermore, the BIA issued its decision, *In re Y–L–,* explaining the standard and procedural safeguards to be followed in making a frivolous finding, after the date of the BIA's dismissal of Diallo's appeal. *See In re Y–L–,* 24 I. & N. Dec. at 155. Although "a court reviewing an agency

decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act," *NLRB v. Food Store Employees Union,* 417 U.S. 1, 10 n. 10, 94 S.Ct. 2074, 40 L.Ed.2d 612 (1974), we find remand unnecessary where, as here, the BIA's intervening decision merely articulated the standard actually applied in the IJ's resolution of the case and the IJ's finding was supported by substantial evidence. *See Xiu Fen Xia v. Mukasey,* 510 F.3d 162, 167–68 (2d Cir.2007).