**Kadir CATALBASOGLU, Petitioner,**

v.

**Michael B. MUKASEY, Acting U.S. Attorney General,[1] Respondent.**

**No. 05–3799–ag.**

United States Court of Appeals, Second Circuit.

March 4, 2008.

Michael Boyle, Juston Conlon, New Haven, CT, for Petitioner.

Maxwell Wood, United States Attorney for the Middle District of Georgia, Dean S. Daskal, Assistant United States Attorney, Columbus, GA, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER and Hon. RICHARD C. WESLEY, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

62

**SUMMARY ORDER**

Petitioner Kadir Catalbasoglu, a native and citizen of Turkey, seeks review of a June 14, 2005 order of the BIA affirming the January 12, 2004 decision of Immigration Judge ("IJ") Matthew J. D'Angelo finding that Catalbasoglu had filed a frivolous application for asylum. *In Re Kadir Catalbasoglu,* No. A73 186 164 (B.I.A. June 14, 2005), *aff'g* No. A73 186 164 (Immig. Ct. Hartford, CT. Jan. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003).

"[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. However, "such finding shall only be made if the immigration judge or the Board is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *Id.* In *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106 (2d Cir.2006), we remanded the case to the BIA so that it could, "in the first instance, set down clear and explicit standards by which frivolousness decisions may be judged." *Id.* at 116; *see Biao Yang v. Gonzales,* 496 F.3d 268, 274–75 (2d Cir.2007). In compliance with our remand, the BIA vacated a prior frivolousness finding, stating that an IJ's frivolous determination must adhere to the following procedures:

(1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3)

sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*In re Y–L–,* 24 I. & N. Dec. 151, 155 (B.I.A.2007); *see Biao Yang,* 496 F.3d at 275. Following the BIA's decision, we held that an IJ's frivolous determination fails to comply with *Y–L–* where "the IJ [does] not find that the inconsistencies or discrepancies were 'deliberate' or 'material,' and ... [does] not inform the petitioner that she was considering a frivolousness finding during the course of the proceedings." *Biao Yang,* 496 F.3d at 278. As the IJ presiding over Catalbasoglu's proceedings made these same errors, a remand is required.

On remand, the BIA is instructed to consider: (1) whether the IJ's decision comports with the procedures set forth in *Y–L–*; and (2) the meaning of the materiality requirement of 8 C.F.R. § 1208.20.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for proceedings consistent with this order.