**JIN WANG ZHANG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**No. 07–2530–ag.**

United States Court of Appeals, Second Circuit.

Aug. 25, 2008.

Hanbin Wang, New York, N.Y. (on submission), for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General (David V. Bernal and Ernesto H. Molina, Jr., Office of Immigration Litigation, on brief) U.S. Department of

Justice, Washington, D.C. (on submission), for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Jin Wang Zhang ("Zhang") petitions from a final order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") decision that denied Zhang's requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ found: (a) that Zhang failed to prove that he had filed his application within one year of arriving in the United States; (b) that Zhang lacked credibility; and (c) that Zhang's application was frivolous. These findings all flowed more or less directly from the IJ's determination that Zhang entered the United States in March 2001 (as opposed to December 2002, as he claimed) and then fabricated testimony to conceal that fact.

As an initial matter, the government argues that Zhang has waived or failed to exhaust challenges to: (a) the IJ's determination that he failed to timely file his asylum application; (b) the IJ's adverse credibility finding; (c) the BIA's refusal to consider the news articles appended to Zhang's brief; and (d) the standards governing frivolousness findings. After reviewing the briefs Zhang filed with this Court and with the BIA, we find Zhang's claims to be adequately preserved, and thus we reject the government's waiver and non-exhaustion arguments. The panel opinion in *Diallo v. Mukasey*, 263 Fed. Appx. 146 (2d Cir.2008), though non-precedential, is instructive. On a record similar to that before us, the government argued (in a motion to dismiss) that the petitioner had waived his arguments on credibility and frivolousness. The *Diallo* panel found

that the government's motion to dismiss was "without merit" and denied it. *Id.* at 148. We do the same.

Although Zhang has preserved his arguments, they ultimately lack merit and must be denied. At the hearing, the government presented evidence that a person with Zhang's name and birthdate entered the United States on March 29, 2001. Zhang responded that there are millions of people in China with his name, and many with his birthdate. But the government also presented a photograph, which appeared to be of Zhang and which was used in connection with the March 29, 2001 entry. Despite the obvious similarities, Zhang at first denied that this was a picture of him. But eventually, and after extensive questioning, Zhang confirmed that he thought he was the man in the photograph.

Since the evidence indicated that Zhang actually entered the United States on March 29, 2001, well more than one year before his asylum application was filed in October 2003, the IJ did not err in finding that Zhang had failed to carry his burden of demonstrating by clear and convincing evidence that his application was filed within one year of the date of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Moreover, the finding that Zhang entered the United States in March 2001 instead of December 2002 was sufficient to support the IJ's finding of adverse credibility; it went to the very essence of Zhang's claims that his wife was persecuted in China and that he was there when it happened. And in this respect, we are unpersuaded by the news articles that Zhang attempted to introduce before the BIA, which Zhang says suggest that someone else used his name, birthdate, and picture to enter the United States in March 2001. Even if they were to be

considered, they would not come close to making such a showing.

This brings us to the agency's finding of frivolousness. Due in part to the severe impact of a frivolousness finding on an alien's future immigration prospects, *see* 8 U.S.C. §§ 1158(d)(4), (6), we have sought to have the agency establish clear standards on what constitutes frivolousness. Thus, in *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106 (2d Cir.2006), we vacated the BIA's affirmance of a frivolousness finding and remanded to the BIA so that it could, "in the first instance, set down clear and explicit standards by which frivolousness decisions may be judged. In doing so, we encourage[d] the BIA to consider not only the relevant statutes and regulations, but also the principles articulated by our sister circuits...." *Id.* at 116. The Attorney General, in a recent statement, citing *Liu,* expressly approved this procedure. Dep't of Justice, Exec. Office of Immigration Rev., RIN 1125–AA58, Board of Immigration Appeals: Affirmance Without Opinion, Referral For Panel Review, and Publication of Decisions as Precedents 23–24 (June 18, 2008) *available at* http://federalregister.gov/OFRUpload/OFRData/2008–13435_PI.pdf.

In response, the BIA issued guidelines in *Matter of Y–L–,* 24 I. & N. Dec. 151 (BIA 2007), which was issued on April 25, 2007–one week before the BIA rendered its opinion in the present case. In *Y–L–,* the BIA vacated the IJ's frivolousness finding and set out four requirements in frivolousness determinations:

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that

the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*Id.* at 155. Although these guidelines are helpful, we have not been able to decide all cases that have arisen since *Y–L–* under them. In some cases we have remanded for further BIA consideration. *Biao Yang v. Gonzales,* 496 F.3d 268, 278 (2d Cir. 2007) (per curiam) (remanding for further clarification of *Y–L–'s* guidelines); *Catalbasoglu v. Mukasey,* 268 Fed.Appx. 61 (2d Cir.2008) (same).

In the case before us, however, it is manifest that the standards of the statute as clarified by *Y–L–* are met and so we find no fault with the BIA's decision. Accordingly, we DENY Zhang's petition for review.